IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CIARA ANDERSON, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:23-CV-04010-LMM |
| | : | |
| INVITATION HOMES; IH3 | : | |
| PROPERTY GEORGIA, LP; | : | |
| SUNTRUST / TRUIST MORTGAGE; | : | |
| and HOMESAFE GEORGIA, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Plaintiff's Complaint and Request for

Injunction [1]. After due consideration, the Court enters the following Order:

**I.     BACKGROUND**

Plaintiff alleges that Defendants Invitation Homes; IH3 Property Georgia,

LP; Truist Mortgage; and Homesafe Georgia colluded to illegally foreclose on her

property in December 2013. Dkt. No. [1] ¶ 2. Plaintiff claims that she was unaware

of her foreclosure auction until January 2014, about a month after her residence

was sold to Defendants IH3 Property Georgia, LP and Invitation Homes. Id. ¶ 5.

Plaintiff further alleges that Defendant Truist Mortgage "mishandled the

foreclosure process, causing harm to Plaintiff's rights and financial stability." Id. ¶ 6.

Following the sale, Plaintiff claims that she continued to live at the residence, leasing it from Defendant Invitation Homes and hoping to regain ownership with a buyback offer. Id. ¶ 3. Plaintiff alleges that Defendant Truist Mortgage referred her to Defendant Homesafe Georgia, a loss mitigation entity which Plaintiff claims caused her further harm. Id. ¶ 7. Further, Plaintiff claims that Defendant Invitation Homes has "resorted to illegal self help eviction tactics" to remove Plaintiff from the property. Id. ¶ 4.

Plaintiff alleges that Defendants' actions and the loss of her home have caused her to experience "depression, anxiety, emotional distress, financial hardship, and disruption." Id. at 6. Plaintiff alleges violations of both state and federal law and seeks damages, declaratory relief, and a preliminary injunction, among other relief. Id. at 7. The only issue presently before the Court is Plaintiff's request for injunctive relief. In particular, Plaintiff seeks a preliminary injunction to prevent Defendant Invitation Homes from taking any steps to evict Plaintiff or otherwise interfere with her possession of the residence. Id.

## II.    LEGAL STANDARD

To obtain a TRO or preliminary injunction, the moving party must demonstrate "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve

the public interest." Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995); Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001). A temporary restraining order "is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001) (per curiam).

Additionally, the Court recognizes that Plaintiff is appearing *pro se*. Thus, Plaintiff's filing is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But nothing in that leniency excuses a plaintiff from complying with threshold requirements of the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009).

## III.   DISCUSSION

First, because Plaintiff has not cited any legal authority for the proposition that this Court could enjoin Defendants in the manner requested based on the facts presented, the Court finds that Plaintiff has not shown a substantial likelihood of success on the merits. See Parker, 275 F.3d at 1035. Of the four factors required for

temporary injunctive relief, likelihood of success on the merits is "generally the

most important." <u>Gonzalez ex rel. Gonzalez v. Reno</u>, No. 00-11424-D, 2000 WL

381901, at *1 (11th Cir. Apr. 19, 2000); <u>see also</u> <u>Schiavo ex rel. Schindler v. Schiavo</u>,

403 F.3d 1223, 1226 (11th Cir. 2005) ("Controlling precedent is clear that

injunctive relief may not be granted unless the plaintiff establishes the substantial

likelihood of success criterion."). Here, Plaintiff points only to the Court's general

authority to grant declaratory and other equitable relief without articulating a valid

substantive basis for a preliminary injunction. Plaintiff alleges violations of the

Real Estate Settlement Procedures Act (RESPA) and the Fair Debt Collection

Practices Act (FDCPA), but she does not explain how Defendants may have

violated either act. Dkt. No. [1] at 3. Plaintiff also claims that Defendants "executed

an illegal foreclosure" and used "illegal self help eviction tactics," but she again

makes only conclusory allegations. <u>Id.</u> ¶¶ 3–4. Therefore, without specific factual

allegations supporting her claims, Plaintiff has not carried her burden as to this

essential element.

Further, because the bulk of Defendants' alleged conduct occurred almost a

decade ago, Plaintiff is unlikely to prevail on the merits of her claims due to

applicable statutes of limitation. <u>See</u> 15 U.S.C. § 1692k(d) (setting forth a one-year

statute of limitation for FDCPA claims); <u>see also</u> 12 U.S.C. § 2614 (requiring

RESPA claims to be brought within three years). Although Plaintiff contends that

she is entitled to equitable tolling due to alleged misrepresentations made by

Defendant IH3 Property Georgia, LP as to the "true nature of the mortgage

agreement," this contention falls short because Plaintiff fails to describe

Defendant's alleged misrepresentation in any detail. Dkt. No. [1] at 7. For a

fraudulent misrepresentation to toll the statute of limitations, "a plaintiff 'must

show both successful concealment of the cause of action and fraudulent means to

achieve that concealment.'" Fedance v. Harris, 1 F.4th 1278, 1287 (11th Cir. 2021)

(quoting Prather v. Neva Paperbacks, Inc., 446 F.2d 338, 341 (5th Cir. 1971)).

Plaintiff's only allegation in support of equitable tolling is that Defendant IH3

made an unspecified misrepresentation on which she reasonably relied. Thus,

Plaintiff has neither demonstrated that Defendants fraudulently concealed a cause

of action nor that she is likely to succeed on the merits of her claims.

Second, Plaintiff has failed to allege an imminent injury. Plaintiff claims that

Defendants IH3 Property Georgia, LP and Invitation Homes purchased Plaintiff's

home in a foreclosure auction nearly ten years ago. Although Plaintiff claims that

Defendants' "illegal self help eviction tactics," have caused her to experience

hardship and disruption, Plaintiff fails to demonstrate any likelihood of *future*

harm beyond that which she has already experienced. To prevail on a preliminary

injunction, "[t]he injury must be 'neither remote nor speculative, but actual and

imminent.'" Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City

of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony

Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)). In other words,

Plaintiff has not explained why an injunction in the year 2023 is necessary to

protect her from events that occurred in 2013 and 2014.

In sum, Plaintiff has failed to show that her claims are likely to succeed on the merits. Plaintiff has also failed to meet her burden of proving imminent injury. The Court therefore denies Plaintiff's motion for a preliminary injunction.

## IV.   CONCLUSION

In accordance with the foregoing, Plaintiff's Motion for a Preliminary Injunction [1] is **DENIED**. The Clerk is **DIRECTED** to refer this case to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED** this 11th day of September, 2023.

_____
**Leigh Martin May**
**United States District Judge**